# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MARVIN BLUNT-BEY,                          :
                                           :
                    Plaintiff,             :         Civil Action No.:     08-1029 (RMU)
                                           :
           v.                              :         Document No:          10
                                           :
                                           :
U.S. DEPARTMENT OF JUSTICE,                :
                                           :
                    Defendant.             :

## MEMORANDUM OPINION

### Granting the Defendant's Motion For Summary Judgment

## I. INTRODUCTION

In this civil action brought *pro se* under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, the plaintiff sought records pertaining to plea negotiations and plea offers between

his trial attorney and the United States Attorney's Office for the District of Columbia ("USAO-

DC").  He challenges the defendant's failure to locate responsive records.  The defendant moves

for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Upon

consideration of the parties' submissions and the entire record, the court grants the defendant's

motion.

## II.  BACKGROUND

The plaintiff was criminally prosecuted in the Superior Court of the District of

Columbia.[1]  By letter of December 28, 2005, the plaintiff requested from the Department of

Justice's Executive Office for United States Attorneys ("EOUSA") "[a]ny documents or

---

[1]     Although the record does not establish when the prosecution occurred, the case numbers
provided in the FOIA request, F-3895-90 and F-13465-88, suggest a time frame between
1988 and 1990.

recordings which reflect any plea offers, and any plea negotiations between the United States

Attorney's office for the Superior Court for the District of Columbia, and my trial attorney. . . ."

Def.'s Ex. 1, Decl. of Gabriel Chavez ("Chavez Decl."), Ex. A.  The plaintiff reiterated this

request by letter of January 9, 2007, and added that "any U.S. Attorney serving in this office in

the last 30 years may have [the requested information] in their possession or can produce

evidence of" such information.  *Id.*, Ex. C.  By letter of March 30, 2007, EOUSA informed the

plaintiff that its search of files in the USAO-DC located no responsive records.  *Id.*, Ex. E.

Following his unsuccessful appeal of EOUSA's no records response to DOJ's Office of

Information and Privacy, *see id.*, Ex. H, the plaintiff filed this civil action on June 17, 2008.  *See*

Compl.  Searches conducted during the course of this litigation located the plaintiff's criminal

case file but not records pertaining to a plea offer or plea negotiations.  Chavez Decl. ¶¶ 16-17.

### III.  ANALYSIS

#### A.  Legal Standard for a Motion for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c); *see also*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540

(D.C. Cir. 1995).  To determine which facts are "material," a court must look to the substantive

law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A

"genuine issue" is one whose resolution could establish an element of a claim or defense and,

therefore, affect the outcome of the action.  *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the

nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.  To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.  By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*  In addition, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993).  Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

The FOIA mandates full public disclosure of agency records unless the requested records "fall squarely" within one or more of the nine statutory exemptions. *Wash. Post Co. v. U.S. Dep't of Agric.*, 943 F. Supp. 31, 33 (D.D.C. 1996) (*quoting Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)).  The court may award summary judgment solely on the information provided in affidavits or declarations that describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *see also Vaughn v. Rosen*, 484 F.2d 820, 826 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).  When, as here, responsive records are not located, an

agency is entitled to summary judgment if it establishes "beyond material doubt [] that it conducted a search reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  For purposes of this showing, the agency "may rely upon affidavits . . . , as long as they are relatively detailed and nonconclusory and  . . .  submitted in good faith." *Id.* (citations and quotations omitted).  The required level of detail "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched . . . ." *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *accord Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999).  "If the requester produces countervailing evidence placing the sufficiency of the identification or retrieval procedures genuinely in issue, summary judgment is inappropriate." *Spannaus v. Cent. Intelligence Agency*, 841 F. Supp. 14, 16 (D.D.C. 1993) (*citing Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979)). In determining the adequacy of a FOIA search, the court is guided by principles of reasonableness. *See Campbell v. U.S. Dep't of Justice*, 164 F.3d 20, 28 (D.C. Cir. 1998).  An agency is required to produce only those records in its custody and control at the time of the FOIA request. *McGehee v. Cent. Intelligence Agency*, 697 F.2d 1095, 1110 (D.C. Cir. 1983).

### B.  The Court Grants the Defendant's Motion for Summary Judgment

The defendant proffers the declaration of Chavez, EOUSA's Attorney Advisor responsible for – among other duties under the FOIA – making final disclosure determinations, ensuring the component's compliance and defending against claims, Chavez Decl. ¶ 3, and that of Theresa D. Jones ("Jones Decl."), Supervisory Paralegal Specialist in the Civil Division of the USAO-DC, that office's liaison to EOUSA's FOIA staff.  Jones Decl. ¶ 1.  Both declarants'

statements are based on their personal knowledge acquired through the performance of their

official duties and their review of the official files.  Chavez Decl. ¶ 5; Jones Decl. ¶ 2.  They

therefore are competent to testify about the issues at hand.  *See SafeCard Servs., Inc. v. SEC*, 926

F.2d 1197, 1201 (D.C. Cir. 1991) (determining that the person in charge of a search is "the most

appropriate person to provide a comprehensive affidavit") (citation omitted); *Barnard v. Dep't of

Homeland Sec.*, 531 F. Supp. 2d 131, 138 (D.D.C. 2008) ("A declarant in a FOIA case satisfies

the personal knowledge requirement in Rule 56(e) if in his declaration, he attests to his personal

knowledge of the procedures used in handling a FOIA request and his familiarity with the

documents in question") (citations and internal quotation marks and brackets omitted).

   Staff at USAO-DC initially searched its computerized case tracking system by the name

Marvin Blunt-Bey but located no criminal case file.  Jones Decl. ¶¶ 7-8.  It next used that name

and the case numbers that the plaintiff had provided without success.  *Id*. ¶ 10.  During the course

of this litigation, the defendant added to the previous searches the name Marvin Blunt and

located two closed files.  *Id*. ¶¶ 13-14.  When Ms. Jones failed to locate the closed files in the

Closed File Unit and the Federal Records Center, she "sent a global electronic mail message to

all USAO-DC employees asking them to search [for the criminal case files]," *id*. ¶¶ 17, 22, and

had the Records Management Supervisor search the office's microfiche file and other filing

systems, *id*. ¶¶ 18-19, all to no avail.  In August 2008, Mr. Chavez "discovered that [the plaintiff]

made a previous FOIA request to DOJ on November 6, 1995 . . .  for all records relating to him."

Chavez Decl. ¶ 17.  He retrieved that file from the Federal Records Center, but his search located

"[n]o records responsive to [the] request for information about plea offers[.]"  *Id*.

   Based on the declarants' description of the files searched and the search methods

employed, the court determines that the defendant conducted a search reasonably calculated to locate all responsive records.  The plaintiff counters that a partial transcript attached to his opposition makes "clear there was a plea offered to the defendant."  Pl.'s Resp. to Gov't's Mot. for Summ. J. [Dkt. No. 12] at 2.  But his unauthenticated "evidence" does not call into question the defendant's evidence of a good-faith search in part because there is no indication that a plea offer or any related discussions were memorialized in a record subject to FOIA disclosure. *Compare DiViaio v. Kelley*, 571 F.2d 531, 542 (10th Cir. 1978) (applying the "dictionary meaning of the word 'record' [] as that which is written or transcribed to perpetuate knowledge or events," since the FOIA failed to define the term) (citation omitted) *with* 5 U.S.C. § 552a(a)(4) (Privacy Act defining "the term 'record' [as] any item, collection, or grouping of information about an individual that is maintained by an agency").  Moreover, "the fact that a particular document was not found does not [in itself] demonstrate the inadequacy of a search."  *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007); *see also Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003) ("the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search") (citation omitted).

## IV.   CONCLUSION

For the foregoing reasons, the court grants the defendant's motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 6th day of May, 2009.

RICARDO M. URBINA
United States District Judge

6